JAMES R.J. PETTIT, Plaintiff Below, Appellant,
v.
COUNTRY LIFE HOMES, INC., Defendant Below,; Appellee.
No. 219, 2009.
Supreme Court of Delaware.
Submitted: August 12, 2009.
Decided: October 30, 2009.
Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

ORDER
CAROLYN BERGER, Justice
This 30th day of October 2009, on consideration of the briefs of the parties, it appears to the Court that:
1) James R. J. Pettit appeals from the Superior Court's grant of summary judgment in favor of Country Life Homes, Inc. Pettit was injured while working for a subcontractor at a residential construction site. Because Pettit's employer had no workers' compensation insurance, Pettit sued Country Life, the general contractor. The trial court determined that: (1) Pettit was not a third party beneficiary under the contract between Country Life and the subcontractor; and (2) Pettit failed to state a statutory claim under the Wage Payment and Collection Act (WPCA), 19 Del. C. § 1101, et seq., or the Workers' Compensation Act (WCA), 19 Del. C. § 2357. We agree and affirm.
2) Pettit worked for Wilson Builders at the time of the accident. Wilson's contract with Country Life provides:
Sub-contractor will maintain current liability and workman's compensation insurance and provide proof of liability insurance from the insurance company. Sub-contractor further agrees to hold Country Life Homes harmless from any acts of sub-contractor's employees and/or liability from materials supplied. In the event of an accident or property damaged while on Country Life Homes job site, sub-contractor agrees to hold Country Life Homes harmless and provide liability coverage for same.[1]
3) Notwithstanding Wilson's contractual obligation, it failed to obtain insurance. Pettit was awarded $72,670.65 in workers' compensation benefits, but Wilson declared bankruptcy, and Pettit was unable to collect any money from his employer. Pettit argues that Country Homes must pay his workers' compensation benefits because he is a third-party beneficiary of the contract between Wilson and Country Homes. In advancing this argument, Pettit ignores the fact that Wilson is the party that promised to purchase insurance, not Country Homes. Assuming Pettit is an intended third-party beneficiary, his recourse would be against the promisor who failed to fulfill the promised obligation.[2] In this case, that would be Wilson.
4) Alternatively, Pettit argues that he is entitled to recover from Country Homes, because: a) 19 Del. C. § 2357 authorizes an employee to recover unpaid workers' compensation benefits from an employer "in the same manner as a claim for wages," and b) 19 Del. C. § 1105 makes a general contractor liable for unpaid wages owed to a subcontractor's employees. Here, again, Pettit ignores critical language. Section 2357 only authorizes recovery from the claimant's employer. Country Homes was not Pettit's employer. Moreover, § 2357 does not convert workers' compensation benefits into wages. It only provides a mechanism for collection of those benefits under the WPCA. The Superior Court correctly analyzed the two statutory schemes, and we rely on its reasoning.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.
NOTES
[1] Appellant's Appendix, A-59.
[2] REST 2d CONTR § 304 ("A promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise . . . .") (Emphasis added.).